THE STATE OF OHIO *v.* KINNEY.
THE STATE OF OHIO *v.* HLUTKE.
THE STATE OF OHIO *v.* ROBERTS.

(Nos. CR13354, CR13070, CR12721—Decided July 15, 1974.)

Common Pleas Court of Cuyahoga County.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Patrick Lazzaro* and *Mr. Robert Marek,* for plaintiff.
*Messrs. Mandel & Goldsmith, Mr. Morris I. Goldsmith,* for defendant Kinney.
*Messrs. Summers, Schneider, Burke & Hildebrand, Mr. James W. Burke, Jr.,* for defendant Hlutke.
*Mr. William R. King,* for defendant Roberts.

HITCHCOCK, J. (By assignment from Paulding County.) These three cases all involve requests for discovery addressed to the Prosecuting Attorney of Cuyahoga County as counsel for the state of Ohio, pursuant to the Ohio Rules of Criminal Procedure effective July 1, 1973.
Re *Kinney,* No. CR-13354:
So far as counsel is presently aware the state has furnished everything requested to the satisfaction of defendant

except his request for the "prior felony convictions of the witnesses (for whose names initials are here substituted) P. M. and D. M., if any." Kinney is charged with felonious assault and attempted aggravated murder. Counsel for the state have informed defendant's counsel orally that P. M. has been previously convicted of two felonies and have no knowledge that D. M. has any record, and decline to make inquiry of the Federal Bureau of Investigation or other record source in respect to the subject. Defendant maintains that under Crim. R. 16 he is entitled to have a copy of such record as is available to the state re Ohio offenses, and a copy of such record of convictions occurring elsewhere of which a record is kept in the Identification Division, Federal Bureau of Investigation, U. S . Department of Justice, Washington, D. C. 20535.

Re *Hlutke*, No. CR-13070:

On June 7, Hlutke filed 4 motions: (1) for exculpatory evidence in the state's possession; (2) to disclose identity of informant; (3) for divulgence for any consideration or promise given any witness in exchange for aid and/or testimony in this matter; and (4) for a bill of particulars. Various authorities are cited but no reference is made to our Criminal Rules. The state has produced only a bill of particulars which defendant claims is inadequate as it does not identify the purchasers of the barbiturate defendant is alleged to have wrongfully sold. Defendant maintains the source of such charge must either be an outright liar or plainly chargeable with entrapment. The bill of particulars recites only that defendant and his lady codefendant made the unlawful sale on or about November 5, 1973, about 3:00 A. M., in or near 21458 Sheldon Rd., Apt. 30-B, in Brookpark.

Re *Roberts*, No. CR-12721:

On June 6, Roberts asked the state to make definite its bill of particulars by answering this question: "To whom did this defendant sell the hallucinogen as charged in the indictment?" His counsel argues that whether or not the alleged purchasers are expected to be called as witnesses, defendant is entitled to know their identity, and especially when he is convinced that any such person must be plainly

chargeable with entrapment by reason of Crim. R. 16 and the Ohio and U. S. Constitutions.

The order of the court in respect to the foregoing motions will be:

Re *Kinney*, No. CR-13354:

1. That the prosecuting attorney shall deliver to defense counsel forthwith, or as soon as it may be conveniently obtained, in respect to both P. M. and D. M., a copy of such criminal record or records maintained by the state of Ohio now in his possession or which he can obtain by request made to the appropriate Ohio criminal record source. If a search of Ohio records reveals no record as to either individual witness, a written report of such fact shall promptly be given to defense counsel.

2. That the prosecuting attorney shall deliver to defense counsel forthwith, or as soon as it may be conveniently obtained, in respect to both P. M. and D. M., a copy of such criminal record as may be obtained by request made to The Identification Division, Federal Bureau of Investigation, U. S. Department of Justice, Washington, D. C. 20535. Should inquiry of the FBI's Identification Division reveal no criminal record as to a particular witness, written report of such fact shall promptly be given defense counsel.

Re *Hlutke*, No. CR-13070:

1. The prosecuting attorney shall give to defense counsel such evidence of an exculpatory nature, if any, now in his possession or which may, before trial, come into his possession. Such evidence now in his possession he shall give to defense counsel forthwith; or if none, a written report of such fact shall be given defense counsel forthwith.

2. The prosecuting attorney shall forthwith disclose identity of any informant of the state who in any way allegedly participated in the sale of a barbiturate which defendant is alleged to have unlawfully done. Should the prosecuting attorney certify that such disclosure prior to trial may subject such informant or others to physical or substantial economic harm or coercion, he may thereupon have the testimony of such witness perpetuated in a hearing before the court with defendant present and with the privilege of cross examination.

3. Defendant's motion for divulgence of any consideration or promise given any witness in exchange for aid and/or testimony in this matter is overruled.

Re *Roberts*, No. CR-12721:

The prosecuting attorney shall forthwith complete the state's bill of particulars filed herein by answering the question: "To whom did this defendant sell the hallucinogen as charged in the indictment?" Should the prosecuting attorney certify that such disclosure prior to trial may subject such witness or others to physical or substantial economic harm or coercion, he may thereupon have the testimony of such witness perpetuated in a hearing before the court with defendant present and with the privilege of cross examination.

Authority for the foregoing orders is found in pertinent provisions of Ohio's Rules of Criminal Procedure, effective July 1, 1973, which are binding upon both the prosecuting attorney and this court.

With respect to the production of criminal records pertinent provisions of Crim. R. 16 (B) entitled, *Disclosure of evidence by the prosecuting attorney*, provide:

"(1) *Information subject to disclosure.*
"* * *

"(b) *Defendant's prior record.* Upon motion of the defendant the court shall order the prosecuting attorney to furnish defendant a copy of defendant's prior criminal record, which is available to or within the possession, custody or control of the state.
"* * *

"(e) *Witnesses names and addresses; record.* Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. * * *

"(f) *Disclosure of evidence favorable to defendant.* Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for

the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. * * *"

The assistant prosecuting attorney insists that an oral report to defense counsel that his file shows P. M. to have a record of two prior felony convictions and contains nothing showing D. M. to have any prior record of felony convictions is sufficient compliance with Crim. R. 16. He argues further that the office of the prosecuting attorney does not have personnel and funds to determine whether or not records of felony convictions exist as to state witnesses or to produce written copies thereof or reports of their non-existence at any particular date.

This court agrees that "Criminal Rule 16 * * * represents a dramatic departure from precedent." Professor Lewis R. Katz, at the end of paragraph (1) to his text following Crim. R. 16, in "Ohio Rules of Criminal Procedure" (1973), 95. Nevertheless, it exists, is in full force and effect, and as here applicable, employs the mandatory verb "shall." There can be little doubt that these Rules were drafted with full knowledge of the decisions made by the Supreme Courts of Ohio and the United States the past quarter century, in respect to what the provisions of the bill of rights of Ohio and the VIth Amendment to the U. S. Constitution require, in the administration of criminal law, in their implementation. For example, note that:

Section 10 of Article I of the Ohio Constitution, provides in pertinent part:

"* * * In any trial, in any court, the party accused shall * * * have compulsory process to procure the attendance of witnesses in his behalf * * *." and;

Amendment VI to the U. S. Constitution provides similarly, in this language:

"In all criminal prosecutions the accused shall * * * have compulsory process for obtaining witnesses in his favor * * *."

Consequently, the court, in its orders has made no differentiation because the rule in respect to the criminal record of any defendant reads "a copy of defendant's prior

criminal record, which is available to or within the posses-
sion, custody or control of the state" and as to state
witnesses reads "any record of prior felony convictions
of any such witness, which record is within the knowledge
of the prosecuting attorney." First the rule of evidence
in Ohio remains as it has been since its first codification in
Ohio in 1929, the pertinent part of which is now found in
R. C. 2945.42, which reads:

"No person is disqualified as a witness in a criminal
prosecution by reason of his interest in the event thereof
as a party or otherwise, or by reason of his conviction of
crime. * * * Such * * * conviction * * * may be shown for
the purpose of affecting the credibility of such witness.
* * *"

Thus the credibility of any state witness necessary to
proof of the offense charged is a matter of importance to
the accused, as any conviction for felony may reflect upon
such witnesses' credibility. Moreover, in any careful prep-
aration for trial by the state, the state should be satisfied
before trial as to the essential credibility of each of the
state's witnesses. Ordinarily, therefore, the diligent prose-
cuting attorney does obtain such information as a matter of
course.

Conceded that Crim. R. 16(B) (1) (e), in respect to the
criminal records of state witnesses not the defendant, does
not utilize the phrase "available to * * * the prosecuting
attorney," it is immediately followed by Crim. R. 16 (B)
(1) (f) requiring the prosecuting attorney to disclose "to
counsel for defendant all evidence, known or which may
become known to the prosecuting attorney, favorable to
the defendant and material either to guilt or punishment."

The criminal record of a state witness may not in it-
self be called evidence, but it is clearly matter of eviden-
tiary nature "material" to proof of "guilt." This court
must conclude that when a defendant, by motion timely filed,
requests the prosecuting attorney to furnish defense coun-
sel the record of felony convictions of any state witnesses,
it is incumbent upon the prosecuting attorney to obtain
such record from all Ohio sources commonly consulted by

him because all such Ohio agencies are subject to this rule. Moreover, records at least of the Identification Division, Federal Bureau of Investigation, U. S. Department of Justice are "available to" the prosecuting attorney because Title 28, U. S. Code Annotated, Section 534,\* in pertinent part, provides:

"*Acquisition, preservation, and exchange of identification records; appointment of officials*

"(a) The Attorney General shall—

"(1) acquire, collect, classify, and preserve identification, criminal identification, crime, and other records; and

"(2) exchange these records with, and for the official use of, authorized officials of the federal government, the states, cities, and penal and other institutions.

"(b) The exchange of records authorized by subsection

---

\*The U. S. C. A. publisher shows the present section to be enacted in "Added Pub. L. 89-554, §4(c), Sept. 6, 1966, 80 Stat. 616," and appends these Reviser's Historical and Revision Notes:

*Derivation: United States Code*

5 U. S. C. 300 (as applicable to acquisition, etc. of identification and other records)

5 U. S. C. 340

*Revised Statutes and Statutes at Large*

Aug. 31, 1964, Pub. L. 88-527, §201 (1st 105 words of 1st par. under "Federal Bureau of Investigation," as applicable to acquisition, etc. of identification and other records), 78 Stat. 717.

June 11, 1930, ch. 455, 46 Stat. 554

*Explanatory Notes.*

"The sections are combined and reorganized for clarity. Former section 300 of title 5 was from the Department of Justice Appropriation Act, 1965. Similar provisions were contained in each appropriations Act for the Department of Justice running back to 1921, which Acts are identified in a note under former section 300 of title 5, U. S. C. 1964, ed.

"In subsection (a), the word 'shall' is substituted for 'has the duty' as a more direct expression. The function of acquiring, collecting, classifying, etc., referred to in former section 340, of title 5, was transferred to the Attorney General by 1950 Reorg., Plan No. 2, §1, eff. May 24, 1950, 64 Stat. 1261, which is codified in section 509 of this title. Accordingly, the first 29 words and last 30 words of former section 340 are omitted as unnecessary.

"In subsection (c), the authority to appoint officials for the cited purposes is implied."

(a) (2) of this section is subject to cancellation if dissemination is made outside the receiving departments or related agencies.

"(c) The Attorney General may appoint officials to perform the functions authorized by this section."

The latest pertinent comment the court has been able to find in 28 Code of Federal Regulations, Section 0.85, as of July 10, 1973, reads as follows:

"*General Functions.*

"Subject to the general supervision and direction of the Attorney General, the Director of the Federal Bureau of Investigation shall:

"* * *

"(f) Operate a central clearinghouse for police statistics under the Uniform Crime Reporting Program, and a computerized nationwide index of law enforcement information under the National Crime Information Center."

[Order No. 423-69, 34 F. R. 20388, Dec. 31, 1969, as amended by Order No. 498-72, 37 F. R. 25917, Dec. 6, 1972]

The court further finds that its order does not direct the prosecuting attorney to do anything forbidden by the "Crime Control Act of 1973," as amendatory of "Title I of the Omnibus Crime Control and Safe Streets Act of 1968," approved August 6, 1973, Pub. L. 93-83, 87 Stat. 197. In Title I of the 1973 Act as found at page 229 of 1 U. S. Code Congressional and Administrative News, 93rd Congress, First Session, 1973, it is the declared "policy of the Congress to assist state and local governments in strengthening and improving law enforcement *and criminal justice* at every level by national assistance." (Emphasis supplied.) The 1968 Act's similar declaration of purpose was limited to "strengthening and improving law enforcement at every level." 1 U. S. Code Congressional and Administrative News 237, 90th Congress, Second Session, 1968.

Consequently, if the prosecuting attorney may have been apprehensive prior to the 1973 Act that obtaining and furnishing defense counsel with the criminal record of a state witness was a matter which did not strengthen "law enforcement," it certainly is a matter which improves and

strengthens "criminal justice." See Title 42, U. S. Code, Sections 3771 and 3781, particularly Section 3781(a) which states that "prosecutorial and defender services" are included in the term "law enforcement and criminal justice" activity. The court thus finds that its interpretation of Crim. R. 16 in respect to criminal records does not conflict with any national statutes or policies.

As for disclosure of the identity of informants, this court perceives that there is a vast difference in disclosure of informants who have observed or have heard admissions of criminal acts and informants who have been active participants in the act alleged to constitute a criminal offense. In these cases, it appears that in *Hlutke* the informant was the purchaser and in *Roberts* that the purchaser was either a policewoman or an informant. In *Roviaro* v. *U. S.* (1957), 353 U. S. 53, the Supreme Court of the United States required the disclosure of the identity of an informant alleged to have been the purchaser in a sale contrary to federal law. In *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, 272 N. E. 2d 347, the Supreme Court of Ohio came to the same conclusion in respect to an alleged sale, contrary to Ohio law and, at page 297, cited in support *Roviaro* which was also cited in *State* v. *Roe* (1971), 26 Ohio St. 2d 243, 271 N. E. 2d 296, as supporting the privilege of non-disclosure before the grand jury, where some other considerations are given more weight. Here, however, the hour for trial and decision is at hand and the trial should proceed as speedily as may be for a just determination. The state, under the rule, if it declines to dismiss the case, must disclose the identity of witnesses required by the court's order. If to do so prior to trial might subject such witness to great harm, the state may appropriately perpetuate such witnesses' testimony for the purpose of these prosecutions.

Defendant Hlutke's motion for divulgence of immunity granted or consideration given for cooperation is overruled because such matters are allocated to the discretion and judgment of the prosecuting attorney in administering the duties of his office. It is, of course, recognized that upon

trial, every state witness is obligated to testify truthfully in respect to such immunity as may have been extended or any other promise made to a witness by a state officer touching upon official action in respect to such witness. See *Giglio* v. *U. S.* (1972), 405 U. S. 150; *Napue* v. *Illinois* (1959), 360 U. S. 264; and *Brady* v. *Maryland* (1963), 373 U. S. 83.

Counsel for Hlutke cites mostly decisions of the Supreme Court of the United States. It seems apparent to this court that reliance on the text of Ohio's Rules of Criminal Procedure clearly dispose of the issues presented and are implementative of the chief juristic principles for which the cited cases stand.

*Judgment accordingly.*